UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TEXAS CAPITAL BANK f/k/a
TEXAS CAPITAL BANK,
NATIONAL ASSOCIATION

VERSUS

FAT COW, LLC,
DOUGLAS E. HOSFORD, and
KARRY W. HOSFORD

CIVIL ACTION

22-157-SDD-RLB

**RULING**

Before the Court is a *Motion for Default Judgment*[1] filed by Plaintiff, Texas Capital Bank f/k/a Texas Capital Bank, National Association ("Texas Capital"). Defendants, Fat Cow, LLC, Douglas E. Hosford, and Karry W. Hosford ("Defendants") have failed to respond to the *Motion* just as they have failed to respond to any pleadings in this case. For the following reasons, the *Motion* is GRANTED.

**I.   BACKGROUND**

On August 2, 2018, Defendants took out a loan in the principal amount of $499,200.00 from Texas Capital.[2] The record contains the following documents from that transaction: (1) a note executed by Fat Cow, LLC and Douglas E. Hosford in the principal amount of $499,200.00 (the "Note");[3] (2) a security agreement executed by Fat Cow, LLC, as Debtor and identifying specific collateral to secure repayment of the Note (the "Security

---

[1] Rec. Doc. 19.
[2] Rec. Doc. 4, p. 3.
[3] Rec. Doc. 1-5.

Agreement");[4] (3) a loan agreement executed by Fat Cow, LLC (the "Loan Agreement");[5] and (4) an unconditional guarantee by Karry W. Hosford (the "Guarantee").[6]

The security agreement granted Texas Capital a security interest in the following described property:

> All of Debtor's [Fat Cow] presently owned and existing and hereafter acquired and arising (a) accounts, whether or not earned by performance, instruments, and chattel paper; (b) inventory; (c) general intangibles; (d) equipment; (e) vehicles, including without limitation; a 2006 Dodge Van, Vehicle Identification No. WDOPD7444659196556; (f) replacements, betterments, substitutions and renewals of, and additions to, any of the foregoing; (g) proceeds, including without limitation, condemnation or insurance proceeds, arising out of or with respect to the foregoing; and (h) all products of the foregoing.[7]

As further security for the Note, Douglas E. Hosford and Karry W. Hosford granted Texas Capital a mortgage dated August 3, 2018, affecting immovable property located in St. Francisville, Louisiana (the "Mortgage").[8]

In late 2021, Fat Cow, LLC stopped making payments to Texas Capital as required by the Note. On February 9, 2022, Texas Capital declared that an Event of Default existed under the Note and accelerated the indebtedness of the Defendants, as documented in correspondence dated February 9, 2022 (the "Default Letter").[9] On March 4, 2022, Texas Capital filed its *Complaint for Enforcement of Promissory Note and Recognition of Security Interests*, seeking: (1) a monetary judgement for the unpaid principal amount of the Note and accrued interest; (2) a declaration that the Security Agreement and

---

[4] Rec. Doc. 1-6.
[5] Rec. Doc. 1-7.
[6] Rec. Doc. 1-8.
[7] Rec. Doc. 1-6, p. 11.
[8] Rec. Doc. 1-9.
[9] Rec. Doc. 1; Rec. Doc. 1-11.

Mortgage are valid, effective, and enforceable; and (3) reasonable attorney's fees and costs incurred in the enforcement of the Note and collection of the judgement.[10]

The record reflects the that Defendants were properly served on March 31, 2022, and April 3, 2022.[11] To date, Defendants have failed to file a responsive pleading or otherwise express an intent to contest this suit. On August 8, 2022, Texas Capital sought preliminary entry of default by the Clerk of the Court.[12] The Clerk entered default against Defendants on August 9, 2022, and Texas Capital filed the instant *Motion for Default Judgment* against Defendants on October 19, 2022.[13]

Texas Capital subsequently informed the Court that the immovable property subject to the Mortgage was sold in a short sale transaction in November 2022.[14] Texas Capital attests that it received $325,536.91 in proceeds from the sale.[15] Texas Capital further attests that, after accounting for all payments to date, Defendants owe the following amounts, excluding attorney's fees incurred after October 31, 2022:

| | |
|---|---|
| Principal: | $ 102,319.84 |
| Accrued unpaid interest as of March 30, 2023: | $ 30,189.00 |
| Late fees: | $ 109.75 |
| **Total as of March 30, 2023:** | **$ 132,618.59** |

Texas Capital now moves for entry of a Default Judgment against Defendants for a money judgment in the amount of $132,618.59 plus *per diem interest* of $28.03 commencing on March 31, 2023.[16] Texas Capital also seeks:

> (1) A judgment in favor of Texas Capital … for the recognition, maintenance, and enforcement of the *Security Agreement* dated August 2, 2018 … encumbering Accounts, Vehicles,

---

[10] Rec. Doc. 1; Rec. Doc. 4.
[11] Rec. Doc. 6; Rec. Doc. 7; Rec. Doc. 8.
[12] Rec. Doc. 15.
[13] Rec. Doc. 16; Rec. Doc. 19.
[14] Rec. Doc. 21-1, p. 2.
[15] Rec. Doc. 21-1, p. 2.
[16] Rec. Doc. 21-1, p. 2.

      Equipment, Inventory, Instruments, Chattel Papers and General Intangibles, and perfected by the filing of a UCC-1 Financing Statement on July 19, 2018 with the Secretary of State of Mississippi (File No. 20182665835A) and on July 16, 2018 with the Secretary of State of Louisiana (File No. 17-1451926);

      (2) A judgment in favor of Texas Capital … for the recognition, maintenance and enforcement of the *Mortgage* dated August 3, 2018 … encumbering the real property and improvements described therein, and recorded on August 14, 2018 as File No. 121421 in Mortgage Book 262, Page 352, in the official records of West Feliciana Parish, Louisiana; and

      (3) A judgment in favor of Texas Capital … awarding reasonable attorney's fees and costs in an amount to be set by separate motion pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and Rule 54(b) of the Local Rules of the Middle District of Louisiana.[17]

## II.    LAW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk must enter the party's default."[18] Once an entry of default has been made, a plaintiff may apply for a judgment based on such default.[19] A default judgment is a "drastic remedy" resorted to by courts only in extreme situations, and it is not required even if the non-movant is technically in default.[20]

In determining whether a default judgment should be entered against a defendant, courts have developed a two-part analysis.[21] First, the court must consider whether the entry of default judgment is appropriate under the circumstances.[22] The factors relevant to this inquiry include: (1) whether material issues of fact are at issue; (2) whether there

---

[17] Rec. Doc. 19, p. 5-6.
[18] Fed. R. Civ. P. 55(a).
[19] *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).
[20] *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001).
[21] *Wilmington Tr., Nat'l Ass'n v. Batonhotel, LLC*, No. CV 16-719-SDD-RLB, 2017 WL 2125754 at *2 (M.D. La. May 16, 2017).
[22] *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998).

has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would itself be obligated to set aside the default on the defendant's motion.[23] Second, the court must assess the merits of the plaintiff's claim and find sufficient basis in the pleadings for the judgment.[24]

## III.     ANALYSIS

Considering the relevant factors in *Lindsey*, the Court finds that default judgment is appropriate. First, there are no material issues of fact in dispute due to Defendants' failure to respond.[25] Second, Defendants' non-responsiveness has prejudiced Texas Capital's interests by effectively bringing the adversary process to a halt. Third, default was properly entered by the Clerk of the Court. To date, Defendants have not filed any answer, responsive pleadings, or otherwise made an appearance before the Court, despite having received proper service of the summons and complaint.[26] Plaintiff has demonstrated these facts by affidavit.[27] Fourth, there is no evidence before the Court that Defendant's failure to file an answer or otherwise respond is attributable to a "good faith mistake or excusable neglect."[28] Fifth, Defendant's failure to defend the instant lawsuit for over 12 months mitigates the harshness of the default judgment. Finally, based on the

---

[23] *Id.*
[24] *Taylor v. City of Baton Rouge,* 39 F.Supp.3d 807, 813 (M.D. La.2014); *Nishimatsu Const. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (default judgment may only lawfully be entered on the well pleaded facts with sufficient allegations to support the judgment).
[25] *Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well pleaded allegations of fact.").
[26] *See* Fed. R. Civ. P. 55(a) (the clerk of the court must enter a party's default "[W]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise").
[27] Rec. Doc. 15-2, ¶¶ 5-10.
[28] *See Taylor*, 39 F.Supp.3d 807 at 814.

facts known to the Court, there is no "good cause" for setting aside the default if challenged by Defendants.[29] The Court therefore finds that default judgment is appropriate.

Next, the Court must "assess the merits of the plaintiff's claims and find sufficient basis in the pleadings for the judgment."[30] The Court has thoroughly reviewed the exhibits and affidavits provided by Texas Capital in support of the *Motion* along with the applicable law and jurisprudence. Texas Capital has established that Defendants are liable for: (1) the outstanding principal balance of the Note, including the aggregation of all additional accrued amounts, plus all *per diem interest* that has accrued since March 31, 2023; (2) enforcement of the Security Agreement dated August 2, 2018; (3) enforcement of the Mortgage dated August 3, 2018; and (4) reasonable attorney's fees and costs incurred by Texas Capital.

## IV.  CONCLUSION

For the reasons set forth above, Plaintiff's *Motion for Default Judgment*[31] is hereby GRANTED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana, this 5th day of July, 2023.

_____
**CHIEF JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[29] *Id.*
[30] *Id.* at 813.
[31] Rec. Doc. 19.